IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01570-WDM-BNB

KEVIN LAVENT BROWN,

Plaintiff,

v.

CAPT. BAY,
LT. TENNESON,
SGT. J.D. KNIGHT, and
DEPUTY LITWILER,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **Defendants' Motion for Summary Judgment** (the "Motion for Summary Judgment"), filed October 6, 2004, and the plaintiff's **Motion to Amend Complaint** (the "Motion to Amend"), filed December 13, 2004. For the following reasons I respectfully RECOMMEND that the Motion for Summary Judgment be GRANTED and that summary judgment enter in favor of the defendants on all claims. I further RECOMMEND that the plaintiff's Motion to Amend be DENIED.

## I. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed. R. Civ. P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, to designate specific facts showing that there is a genuine issue for trial. Id. at 324.

### B.  Undisputed Material Facts

The undisputed material facts are as follows:[1]

On February 2, 2001, the plaintiff was convicted of theft.  *Motion*, Exhibit A-1.  He was sentenced to the Colorado Department of Corrections for a six year term of incarceration and a three year period of mandatory parole.  Id.  On May 21, 2004, the plaintiff was booked into the Patrick J. Sullivan Jr. Detention Center ("Detention Center") on charges of a parole violation and on escape charges.  Id. at Exhibit A-7.

The plaintiff's parole revocation hearing was scheduled for June 18, 2004.  Id. at Exhibit A-8.  On that date, John Crowley and defendant Litwiler, Arapahoe County Deputy Sheriffs, attempted to apply restraints to the plaintiff so that he could be transported to the Arapahoe District Court for his hearing.  The plaintiff became argumentative and stated that he could not be handcuffed to other inmates, he could not walk down stairs to get to the courthouse, and he needed to be housed in a separate cell at the courthouse due to an injured leg.  Id. at Exhibit A-6, ¶¶ 1, 4-6; Exhibit A-9, ¶¶ 1, 3-5.  Litwiler told another deputy that a wheelchair was necessary to take the plaintiff to the courthouse.  Id. at Exhibit A-6, ¶ 8.  Litwiler and Crowley then attended to their other assigned duties.  Id. at Exhibit A-6, ¶ 8; Exhibit A-9, ¶ 6.

Deputy Crowley informed the plaintiff's parole officer, Meredith Hlusek, that because

---

[1]In his response to the Motion for Summary Judgment, the plaintiff attempts to dispute the facts as stated by the defendants.  *Answer to Defendant's* [sic] *Brief* (the "Response"), filed October 22, 2004.  However, the Response does not "go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, . . . designate specific facts showing that there is a genuine issue for trial."  Therefore, the Response does not create any material fact disputes.  I am aware that an inmate's complaint can be treated as an affidavit where it contains factual statements based on personal knowledge and has been sworn under penalty of perjury.  Mosier v. Maynard, 937 F.2d 1521, 1524 (10th Cir. 1991).  However, the plaintiff's Prisoner Complaint does not contain any pertinent factual statements that are based on personal knowledge.  Therefore, the Complaint fails to create any material fact disputes.

the plaintiff had complained about his leg and had become disruptive, he had to leave the plaintiff in his holding cell at the Detention Center. Id. at Exhibit A-9, ¶ 7. Parole Officer Hlusek informed Crowley that newly added charges of felony escape had been filed against the plaintiff and that the hearing would have to be continued due to those charges. Id. at ¶ 8. The Colorado State Parole Board then rescheduled the plaintiff's hearing to September 17, 2004. Id. at ¶ 9.

The plaintiff sent Inmate Request Forms to several officers, including defendants Bay, Tenneson, and Knight, wherein he asserted that his parole revocation hearing was rescheduled because one of the deputies misrepresented to the Parole Board that the plaintiff refused to appear for his hearing. *Complaint*, all attachments. Defendant Knight, a Sergeant in the Detention Services Section of the Arapahoe County Sheriff, first learned of the June 18, 2004, incident when he received an Inmate Request Form from the plaintiff on June 24, 2004. Id. at Exhibit A-5, ¶¶ 1, 5. Sergeant Knight instructed Litwiler and Crowley to write incident reports concerning the events of June 18, 2004. Id. at ¶ 6.

On July 12, 2004, Parole Officer Hlusek notified the plaintiff in writing that his parole revocation hearing had been postponed due to the pending criminal charges. Hlusek stated the following:

> As per the Parole Board Mittimus dated 6/18/04, your parole complaint and subsequent hearing have been continued until 9/17/04 as you have pending criminal matters to dispose of. If your criminal charges are dismissed, or otherwise disposed of prior to that date, your hearing may be moved to a sooner date, at your request. Please understand that the Parole Board will continue any complaint with criminal matters pending, so it is imperative that these matters are taken care of.

Id. at Exhibit A-16.

On July 30, 2004, Parole Officer Hlusek sent a memorandum to defendant Knight explaining the reason that the plaintiff's hearing was rescheduled. Id. at Exhibit A-5, ¶ 11. The memo states, in part, the following:

> Please be advised that [the plaintiff's] Parole Board Hearing on 6/18/04 was continued due to his pending Arapahoe Escape charge. His next hearing is scheduled for 9/17/04 at 8:30am at the Arapahoe District Court as per the Parole Board Mittimus tendered at the 6/18 hearing. Mr. Brown has been advised of this via letter, mittimus and word of mouth, and there should not be any confusion in regards to this matter.
>
> In regards to the 6/18/04 hearing, on that date, myself and the Parole Board Hearing Officer, Tom Waters, were advised by the deputies overseeing the hearing that Mr. Brown had requested a separate cell from the other defendants, and was refusing to come over from the jail until appeased. Due to the alleged refusal and the fact that there were pending charges, this hearing was continued to a later date. It should be noted that even if there was no refusal, this hearing would still be continued to that same date, as it will not be conducted until his pending charges are disposed of.

Id. at Exhibit A-15.

Several weeks after the incident, Parole Officer Hlusek told defendant Litwiler that the plaintiff's parole hearing was moved from June 18, 2004, to September 17, 2004, because of the pending felony escape charge. Id. at Exhibit A-6, ¶ 11-12.

### C. Analysis

The plaintiff filed his Prisoner Complaint (the "Complaint") on August 17, 2004. The Complaint asserts three claims for relief against the defendants, all of whom are Detention Center officials. Claim One alleges that the defendants violated the plaintiff's due process rights when they caused him to miss his parole revocation hearing and did not inform the Parole Board that the plaintiff's failure to attend the hearing was not the plaintiff's fault. Claim Two alleges

that the defendants violated a duty of care imposed on them under an unidentified Colorado statute when they failed to take the plaintiff to the parole revocation hearing and when they failed to schedule him for another hearing date prior to September 17, 2004. Claim Three alleges that the defendants are guilty of "malicous [sic] abuse of process" for causing him to miss the parole revocation hearing.[2]

The Complaint is frivolous. The evidence unequivocally establishes that the Parole Board--not the defendants--postponed the plaintiff's revocation hearing because the plaintiff had a felony escape charge pending against him, not because he refused to attend the hearing. The evidence further establishes that, at the time he filed his Complaint, the plaintiff knew that the Parole Board postponed the revocation hearing due to the felony escape charge. I respectfully RECOMMEND that the Motion be GRANTED and that summary judgment enter in favor of the defendants on all claims.

In addition, the Prison Litigation Reform Act provides:

> In no event shall a prisoner [proceeding *in forma pauperis* ] bring a civil action or appeal a judgment in a civil action if the prisoner has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Because this action is frivolous, I respectfully RECOMMEND that this action count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

---

[2] To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

## II.  MOTION TO AMEND

The plaintiff seeks to amend his Complaint to add claims against two more Detention Center officials.  The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a).  Although the federal rules require liberal application of the right to amend pleadings, the rules do not confer an unlimited right.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).

The proposed amended prisoner complaint ("Proposed Amended Complaint") seeks to assert Claims One and Two against John Crowley.  *Proposed Amended Complaint*, fourth through thirteenth consecutive pages.  The proposed claims are based on the June 18, 2004, incident.  The addition of John Crowley would be frivolous for the same reasons the plaintiff's claims against the current defendants are frivolous.

The plaintiff also seeks to add a claim for retaliation against Deputy Herndon.  "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of" a constitutional right.  Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990).  "This principle applies even if the action taken in retaliation would be otherwise permissible."  Id. at 948.  An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity."  Peterson v. Shanks, 149 F.3d 1140,1144 (10th Cir. 1998).  Therefore, to prevail on a claim of

retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

The presentation of circumstantial evidence such as temporal proximity, a chronology of events, or suspicious timing may be sufficient to support allegations of retaliation. See Smith, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim with "only means available to him - circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants"); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) (holding that the plaintiff's allegations of a "chronology of events" may be read as "providing some support for an inference of retaliation"); Harris v. Fleming, 839 F.2d 1232, 1236-38 (7th Cir. 1988) (finding that the pattern and timing of firings and cell transfers were sufficient to establish a question of retaliation).

The plaintiff's allegations against Deputy Herndon are as follows:

Deputy Herndon was a court service staff member on duty the day of the June 18, 2004, incident. *Proposed Complaint*, fourteenth consecutive page. On October 2, 2004, Deputy Herndon gave the plaintiff the wrong diet tray. Id. Herndon returned the tray and told the plaintiff that he would call the kitchen to check on the plaintiff's diet. Id. Herndon did not call the kitchen, and the plaintiff did not receive anything to eat for lunch. Herndon wrongly told staff that the plaintiff had refused his lunch tray. Id. Deputy Herndon's actions constitute retaliation for "filing a complaint on co-workers" at the Detention Center. *Motion to Amend*, p.1. The plaintiff does not allege any facts to infer temporal proximity, a chronology of

events, or suspicious timing regarding Herndon's alleged actions and the plaintiff's "filing a complaint on co-workers." Moreover, the proposed complaint does not allege that Herndon had knowledge that the plaintiff filed a complaint on co-workers. The plaintiff fails to allege any specific facts to demonstrate that "but for the retaliatory motive," Herndon would not have taken an adverse action against him. Therefore, the allegations of the proposed complaint fail to state a cause of action for retaliation against Deputy Herndon.

It would be futile to allow the plaintiff to amend his Complaint to add a claim of retaliation against Deputy Herndon and to assert Claims One and Two against Crowley. I respectfully RECOMMEND that the plaintiff's Motion to Amend Complaint be DENIED.

### III.  CONCLUSION

I respectfully RECOMMEND that Defendants' Motion for Summary Judgment be GRANTED and that summary judgment enter in favor of the defendants on all claims.

I further RECOMMEND that this action count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

I further RECOMMEND that the plaintiff's Motion to Amend Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de*

*novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 19, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge